IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECOGNICORP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OAKLEY CAPITAL PRIVATE EQUITY, HOST EUROPE WVS LIMITED, AND HOST EUROPE GMBH,<br><br>Defendants. | Civil Action No. ____________<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Recognicorp, LLC ("Recognicorp" or "Plaintiff"), for its Complaint against defendant Oakley Capital Private Equity ("Oakley Capital"), defendant Host Europe WVS Limited ("Host Europe WVS"), and defendant Host Europe GmbH (collectively "Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Recognicorp is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue East, Round Rock, Texas 78664-5219.

3. On information and belief, Defendant Oakley Capital is a company organized under the laws of the United Kingdom, with its principal place of business at 3 Cadogan Gate, London, United Kingdom SW1X 0AS.

4. On information and belief, Defendant Host Europe WVS is a company organized under the laws of the United Kingdom, with its principal place of business at 5 Roundwood Avenue, Stockley Park, Uxbridge, Middlesex, United Kingdom UB11 1FF.

5. On information and belief, Defendant Host Europe GmbH is a company organized under the laws of the United Kingdom, with its principal place of business at Welserstrasse 14, Cologne, Germany 51149.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. Oakley Capital is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Oakley Capital has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in the District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

9. Host Europe WVS is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Host Europe WVS has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it

should reasonably and fairly anticipate being haled into court in the District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

10. Host Europe GmbH is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Host Europe GmbH has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in the District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,005,303

12. The allegations set forth in the foregoing paragraphs 1 through 11 are incorporated into this First Claim for Relief.

13. On August 23, 2011, United States Patent No. 8,005,303 (the "'303 patent"), entitled "Method and Apparatus for Encoding/Decoding Image Data," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '303 patent is attached as Exhibit A to this Complaint.

14. Recognicorp is the assignee and owner of the right, title and interest in and to the '303 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

15. Upon information and belief, in violation of 35 U.S.C. § 271(a), each Defendant has directly infringed, and continues to directly infringe, including under the doctrine of equivalents, the ‘303 patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, products incorporating composite image customization that infringe one or more claims of the ‘303 Patent (“Accused Services and Products”), without the authority of Recognicorp.

16. The Accused Services and Products include, but are not limited to, FlashFace App available in the Android™ Market and Ultimate Flash Face v0.42beta. Features of the FlashFace products that infringe one or more claims of the ‘303 Patent include creating faces in a “Face area” that allow the selection of a facial feature, incorporation of the facial feature into a composite image, and instructions for modifying the selected facial feature image that has been incorporated into the composite image. After choosing a feature, for example, eyes, an “Item Scaler” may be used to modify the appearance of the feature.

17. Recognicorp has been harmed by Defendants’ infringing activities.

## **JURY DEMAND**

Recognicorp demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Recognicorp demands judgment for itself and against each Defendant as follows:

A. An adjudication that each Defendant has infringed the ‘303 patent;

B. An award of damages to be paid by each Defendant and/or Defendants collectively, adequate to compensate Recognicorp for its past infringement of the ‘303 patent, and any continuing or future infringement through the date such judgment is entered, including

interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An injunction ordering each Defendant and/or Defendants collectively, to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

E. An award to Recognicorp of such further relief at law or in equity as the Court deems just and proper.

Dated: July 3, 2012

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Recognicorp, LLC*